**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. ) 1:18-cv-838 |
| v. | ) ) COMPLAINT |
| PARTY CITY CORPORATION, | ) ) JURY TRIAL DEMAND |
| Defendant. | ) ) |
| _____ | ) |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.,* as amended by the Americans with Disabilities Act Amendments Act of 2008, Pub. L. No. 110–325, 122 Stat 3553 (2008) (collectively "ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ashley Waxman ("Waxman").    The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Party City Corporation ("Party City" or "Defendant"), violated the ADA by failing to hire Waxman because of her disability, in violation of 42 U.S.C. § 12112(a) and (b)(5)(b).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Hampshire.

PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Party City Corporation has continuously been a Delaware corporation doing business throughout the United States, including the State of New Hampshire, and employing at least fifteen (15) employees.

5.      At all relevant times, Party City has continuously been an employer engaged in an industry affecting commerce under Sections 101(2) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) & (h).

6.      At all relevant times, Party City has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

7.      More than 30 days prior to the institution of this lawsuit, Waxman filed a Charge

of Discrimination with EEOC alleging violations of the ADA by Party City.

8.      On July 12, 2018, after an investigation, EEOC issued to Party City a Letter of

Determination finding reasonable cause to believe that Party City violated the ADA and inviting

Party City to join with the Commission in informal methods of conciliation to endeavor to

eliminate the discriminatory practices and provide appropriate relief.

9.      The Commission engaged in communications with Party City to provide Party

City the opportunity to remedy the discriminatory practices described in the Letter of

Determination.

10.     The Commission was unable to secure from Party City a conciliation agreement

acceptable to the Commission.

11.     On September 4, 2018, the Commission issued to Party City a Notice of Failure of

Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13.     Ashley Waxman is twenty years old and graduated from high school in June

2018. She is on the autism spectrum, which substantially limits her in the major life activity of

brain functioning, and also suffers from severe anxiety, which substantially limits her in the

major life activity of interacting with others.  When she turned 18 in 2016, she was placed under

the legal guardianship of her parents. She has received services from Easter Seals of New

Hampshire for a number of years.  She is a qualified individual with a disability.

14.     As part of the services she received from Easter Seals, she worked with Easter

Seal employees to build up her self-confidence, including around working and applying for a job.

One of these employees was Julie Sousa.

15.     During the week of October 6, 2017, Ms. Waxman visited the Party City's

location in Nashua, New Hampshire, to inquire about a job and pick up an application. During

this visit, she was told by an employee, Billy, that Party City was looking to hire new employees

to assist with the busy fall season.

16.     On Tuesday, October 10, 2017, Ms. Waxman returned to Party City with Julie

Sousa to drop off her job application for a sales associate position. She was immediately asked to

go into the backroom for an interview with Evelyn Hojlo, Party City's Hiring Manager. Ms.

Sousa accompanied her during this interview.

17.     Initially, Ms. Hojlo thought that Ms. Sousa was Ms. Waxman's mother. Once Ms.

Hojlo found out that Ms. Sousa was Ms. Waxman's job coach and that Ms. Waxman had a

disability, Ms. Hojlo's attitude and demeanor changed.  Ms. Hojlo told Ms. Sousa that Party City

had hired people "like that" (people with disabilities who needed job coaches) in the past and it

had not gone well. Ms. Hojlo also made comments that people like Ms. Waxman were not good

workers because they slept on the job and played with the props in the store and would listen to

music with headphones instead of working. Ms. Waxman and Ms. Sousa explained to Ms. Hojlo

that Ms. Waxman had done successful job shadows in retail jobs as well as volunteered at a day

care center, but Ms. Hojlo was uninterested.

18.     Ms. Hojlo explained to Ms. Sousa that she did not want the job coach to perform

any of the job duties for Ms. Waxman. Ms. Sousa tried to explain that she would not perform any

of the job duties; she would only cue Ms. Waxman when needed.

19.     During this "interview," Ms. Hojlo told Ms. Sousa several times in a patronizing tone, "thank you for bringing her here," while Ms. Waxman was still in the room.

20.     Ms. Hojlo also stated that Billy, the employee who had been nice to Ms. Waxman, was probably just being nice when he had mentioned that Party City had hired past employees with job coaches. She said that Billy would hire anyone, and would "even hire an ant."

21.     Ms. Hojlo's attitude towards Charging Party during the interview made Charging Party very uncomfortable.  Ms. Hojlo was uninterested in whether Ms. Waxman could perform the essential functions of the job with the accommodation of a job coach from Easter Seals.

22.     During this job interview, there had been another Party City employee who had overheard Ms. Hojlo's comments about Ms. Waxman's disability. When Ms. Waxman was leaving the store, that employee approached Ms. Sousa and Ms. Waxman and apologized for Ms. Hojlo's comments. That employee said that she would be informing the store manager about what happened during the interview and what Ms. Hojlo had said about hiring a person with a disability.

23.     Ms. Waxman was not hired for the job at Party City. However, Party City hired six sales associates in the nine days after Ms. Waxman's interview. These applicants all applied on or after October 10, 2017, the date of Ms. Waxman's interview. Two were employed for less than three weeks, two for less than a month, and one for two months. For at least two hires, it was their first job: one was a 16-year-old female, and the other was a male high school graduate.

24.     By failing to hire Ms. Waxman because of her disability and/or need for the reasonable accommodation of a job coach, Party City violated the ADA.

24.     The unlawful employment practices complained of above were intentional.

5

25.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Ms. Waxman's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, and from engaging in any employment practice that discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Ms. Waxman whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including instatement of Ms. Waxman, if appropriate.

D.     Order Defendant to make Ms. Waxman whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Ms. Waxman whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

F.      Order Defendant to pay Ms. Waxman punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper to the public interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 19, 2018

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

/s/Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building, Room 475
Boston, MA 02203-0506
(617) 565-3193
Markus.Penzel@eeoc.gov

7